Our final case for argument today is Cehovic-Dixneuf v. Wong. Counsel for Appellant Wong, Mr. Trisna. Good afternoon, Your Honor. Robert Trisna for the appellant here. I would like to reserve three minutes for rebuttal, if I may. Your Honor, this is, in my experience, one of the stranger summary judgment motions that I have been involved in for the reasons that I think are fairly obvious. The only evidence, if you will, that supports the summary judgment that was granted by Judge Drugian are unsworn allegations that were denied by my client and unsworn allegations from a third party, either allegations or denials or statements made in pleadings that are attempted to be asserted against my client, even though they were not direct, they were not. Mr. Trisna, do you have, did you raise any objection to consideration of Exhibit 1, the summary plan description? Correct, Your Honor. No objections? Pardon me? You did not object, is that correct? Exhibit 1 is the summary plan description. Your Honor, we object to it, we objected to the allegation and the statement, but that is, in fact, the summary plan description. I thought you said it speaks for itself, and I didn't see any objection to its admissibility. Not to its admissibility, Your Honor, that's correct. Okay, and looking at your summary judgment opposition papers, I was looking in there for the evidence argument that you are relying on on appeal. You said repeatedly that the admissions by the insurance company are not binding on your client, and that's true enough, but I didn't see any objection that they were not admissible. Your Honor, we objected to them in their entirety. Well, you stated a ground, and you raised an entirely different ground after the district judge granted summary judgment and now on appeal. And now, at least in my experience, there are plenty of times when parties will submit materials to support a motion for summary judgment or to oppose it without the proper affidavits and authentication, but we generally let that go when they are problems that are easy to fix and nobody objects to it. So given the absence of this hearsay objection that you're making now, it's hard to see why we shouldn't treat this issue as forfeited. Well, again, Your Honor, I think the intent, and again, we're bound by the language, but in each instance, we objected to and therefore denied the statements contained in each of the various assertions to which we raised those objections. Where in the federal rules or case law interpreting them do you find the rule that states that the party opposing summary judgment has to submit sworn affidavits as evidence? And did you raise the lack of sworn testimony in the district court? Yes, Your Honor. In fact, well, the rule itself, I believe, addresses that issue in that when it states that pleadings, it does permit for pleadings to be considered, but implicit in that is the concept that the pleadings are not denied and also that any other evidence that's adduced by the moving party is not controverted by the non-moving party. And we did in our brief in this court cite the Caulfield and Associates decision and also the Becerra versus Asher on pages 7 and 8, but in our response to the 56-1 statement and actually in our memorandum as well in the district court, Your Honor, we did raise the deficiencies in the information that was being... Yeah, but would I be horribly mistaken if I believed that a move-in is not obligated to submit admissible evidence at the summary judgment stage and may rely on facts alleged in the pleadings? Only if those facts are not controverted. So yes, if there are admissions in the pleadings or the allegations in the pleadings are not controverted, then yes, those can be considered by the district court in granting or denying summary judgment. But here in each of the instances... The federal rule of civil procedure 56-C-4 no longer requires the formal affidavit to be submitted, but instead it allows a declaration to be used to oppose a motion for summary judgment so long as it is made on personal knowledge, sets out facts that would be admissible in evidence, and shows that the declarant is competent to testify. That's correct, Your Honor, but that type of declaration is totally absent from this record. No such declaration was submitted by Ms. Deneuve here. No such declaration was submitted even by Realistar, although, as we've argued here, any of their admissions or any of their allegations in their pleader complaint would not be admissible against my client. Did your client submit any evidence opposing summary judgment? No, Your Honor. We did in our Rule 56 statement, we did note, just simply note for the record, that the policy at issue was paid for entirely by the decedent here and not by the company. And we also, Your Honor, I believe... I think that is it, Your Honor. That's it. Can you tell us about the current status of the state court efforts to reopen the divorce? Well, actually, I'm sorry, Your Honor, that we did submit that additional evidence related to the pendency of the state court proceeding. And what's the current status? And actually, right now, it's awaiting, in some kind of bizarre twist of fate, it's awaiting the ruling of this court for reasons that I can't very accurately explain. Is it in the trial court still in Cook County? No, it's still in the appellate court. The appellate court made a determination that the trial court had erred, but it is awaiting the decision of this court for some type of analysis of res judicata effect. And I must admit to the court that I didn't understand that. I note that I'm already down to almost two minutes, so I'd like to reserve those for a moment. Go ahead. And Mr. Cleary? Good afternoon, Your Honors. May it please the court. John Cleary on behalf of the appellee, Emma Shehobak-Danuff. Your Honor, the district court properly relied upon the local rule 56.1A statement of facts submitted by my client when considering the summary judgment. The issues raised on appeal here were not raised as objections to that statement of facts. The appellee made no objection that the statements and pleadings by Reliastar were unsworn. The appellant did not object to any of the documents submitted by Emma or Reliastar as being inadmissible. And as such, under Rule 56, the district court properly considered the facts it set forth, and her statement of facts is undisputed. So why not at least avoid this problem with an affidavit? I don't disagree, Judge, that maybe something like that would have been helpful, and that's why we have this rule that if there's deficiencies, you need to raise them so they can be addressed at the time. And I'm sure that they would have been addressed at the time. Another thing to consider, Your Honor, is that Reliastar was before the court. It was a party to this action, and it made certain pleadings and representations to the court, and it submitted documents to the court. So it wasn't like it was coming from some random third party. They were present before the court. Right. But the point that was made by Ms. Wong and her counsel, that those were not binding on hers, is correct. It may well be beside the point, at least in the absence of contrary evidence. But I confess I didn't quite understand the extent of your reliance on Celotex and the ability to move for summary judgment without evidence at all when you're the party that, as I understand it, would have had the burden of proof on the issues presented by the motion. That's correct, Your Honor. Another thing to consider is with respect to these objections that are being made now, the appellant actually admitted in their pleadings almost all of these facts. Reliastar had filed a cross-claim for interpleader against Ms. Wong, and in her answer to that she admitted nearly all of these facts. Were those cited in your 56.1 statement as evidence? Your Honor, I don't believe we directly cited their admissions as such, but as you know this can be upheld on any grounds. Well, if there was a fair opportunity to meet them. Well, certainly since they made the admissions they were certainly aware of them, Judge. I mean, I think to a certain extent trial counsel was caught by surprise because no one seemed to be disputing any of these facts until after the summary judgment was granted. And the facts that she admitted in her answer to Reliastar's counterclaim, that she admitted that Appellant Northwestern sponsored an employee benefits plan, which included the group life insurance policy at issue in this court, and they admitted that it was issued by Reliastar. They admitted that Chekhovik was insured under this policy as a Northwestern employee. Are Rialastar's pleadings binding on Chekhovik Dixnuff? Only if they're undisputed. And, Judge, I think it's our position that they are undisputed because they admitted all of these facts in their answer to Reliastar's claim against Ms. Wong. In that answer she also admitted that the decedent had insurance in the amounts of $263,000 in basic life insurance coverage and an additional $708,000 in supplemental life insurance coverage, and both were issued in connection with his employment by Northwestern. And more importantly, Wong conceded, Mrs. Wong conceded, that Emma was entitled to the basic life insurance proceeds. So in order to make that concession, you necessarily have to concede all the facts that would lead to that conclusion. It's possible for a party to concede a weaker part of a case without giving up on the rest of it, right? Voluntarily. I suppose, Your Honor. And finally, as Your Honor noted, that in her response to the motion for summary judgment, Ms. Wong did not point to any facts that would present a genuine issue for trial. There was only one additional fact she pointed to, and that was that Mr. Chehovik had paid for all the premiums for the supplemental policy. The district court took that fact as true and viewed it in the light most favorable to Ms. Wong and still came to the conclusion that our client was entitled to summary judgment. Unless the court has any additional questions, I'll see you the remainder of my time. Thank you. Thank you very much, Mr. Cleary. Thank you. Rebuttal, Mr. Trisna. Your Honor, the only thing that Ms. Wong admitted to in relation to the interpleader claim of Reliostar was that George Chehovik, the decedent, had life insurance in two different amounts. Not that both of those policies were ERISA governed. In fact, she consistently denied that. He did, in fact, have two policies. One of them was paid for by the company. That was the one we conceded in the early course of the proceeding. And the other one is the one that we dispute because it was paid for entirely by him using marital assets, which is why this is still part of an ongoing fraud proceeding or an attempt to reopen the divorce on the basis of fraud. In all other respects, Your Honor, we have here basically a record that does not support summary judgment for Ms. Chehovik-Dunoof or Dunoof-Chehovik in any way, shape, or form. Unless the court has any further questions, I would just ask that this ruling by the district court be reversed. Thank you very much, counsel. The court will be in recess.